**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN | : : : : | Civil No. 1:23-CV-02023 |
| Plaintiff, | : : | |
| v. | : : | |
| TRACY BUFFLAP, | : : | |
| Defendant. | : | Judge Jennifer P. Wilson |

## <u>MEMORANDUM</u>

Before the court is a motion to strike filed by Plaintiff Foremost Insurance ("Foremost"). (Doc. 11.) Foremost moves to strike the following portions of Defendant Tracy Bufflap's counterclaims: (1) paragraph 76; (2) subparagraphs (d), (e), and (f) of paragraph 81; and (3) allegations of sustained damages of "interest and investment income… costs incurred in pursuing the claim… [and] court costs" contained within paragraph 82. (*Id.*) Because Foremost met its burden as to the relevant portions of paragraph 82, but not with respect to the other paragraphs, the court will grant the motion with respect to paragraph 82 and otherwise deny the motion.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The counterclaims allege the following facts. On September 20, 2022, Bufflap was involved in a motor vehicle accident in York County, Pennsylvania.

(Doc. 6, ¶ 47.) The accident was caused by the negligence of the other driver, Tori Beckey ("Beckey").  (*Id.* ¶¶ 48, 55.)  As a result of the collision, Bufflap sustained serious injuries and aggravated several of his pre-existing conditions.  (*Id.* ¶ 56.)

Months after the accident, Bufflap demanded and ultimately received the full policy limit of $50,000 from Beckey's auto insurer, Progressive.  (*Id.* ¶ 64.)  As his injuries exceeded the $50,000 he received from Progressive, Bufflap further filed a first tier claim against his underinsured motorist ("UIM") insurer, GEICO, and received another $50,000, which was the full policy limit.  (*Id.* ¶ 66.)  Alleging that his injuries still greatly exceeded the $100,000 he received from both the Progressive and GEICO policies, Bufflap made a claim for UIM benefits through his second tier UIM policy with Foremost.  (*Id.* ¶ 69.)  On October 25, 2023, Foremost denied the claim, stating that Bufflap did not fall under their policy's definition of "insured."  (Doc. 1, ¶ 15).

On December 6, 2023, Foremost filed a complaint seeking a declaratory judgement that Bufflap is not entitled to UIM benefits under his insurance plan with Foremost.  (Doc. 1, ¶ 24.)  Bufflap then filed an answer and counterclaims, seeking his own declaratory judgement that he is entitled to insurance benefits under his policy (Counterclaim I) and alleging that Foremost breached its contract with him by denying his UIM claim (Counterclaim II).

Subsequently, Foremost moved to strike the following paragraphs from

Bufflap's counterclaims:

> 76)      As the insurer of Mr. Bufflap, Foremost owes a fiduciary, contractual, and statutory obligation to investigate, evaluate, and negotiate the UIM claim in good faith and to arrive at a prompt, fair, and equitable settlement.

> 81)      Foremost has breached its contract of insurance with Mr. Bufflap by the follows acts or omissions:
> (d.)   Knowingly not having a reasonable basis for denying UIM benefits under its policy
> (e.)   Failing to make a reasonable offer of settlement
> (f.)   In causing an unreasonable delay in investigating and paying Mr. Bufflap's UIM damages;

> 82)      … interest or investment income from same, costs incurred in pursuing the claim, additional attorney's fees, court costs, expert witness fees, deposition costs, and other related expenses.

(Doc. 11, ¶ 5.)

Foremost filed this motion to strike on March 1, 2024, along with its

supporting brief.  (Docs. 11, 12).  Bufflap filed a brief in opposition on March 15,

2024.  (Doc. 20).  Foremost filed its reply on March 28, 2024. (Doc. 23).  Thus,

this motion is ripe for review.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(f), a party can move a district

court to "strike from a pleading . . . any redundant, immaterial, impertinent, or

scandalous matter."  This rule is "designed to reinforce the requirement in Rule 8

. . . that pleadings be simple, concise, and direct."  5C CHARLES ALAN WRIGHT &

ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1380 (3d ed. 2020 update).  To that end, the purpose of any motion to strike should be to "clean up the pleadings, streamline litigation, and avoid the unnecessary forays into immaterial matters."  *United States v. Educ. Mgmt. Corp.*, 871 F. Supp. 2d 433, 460 (W.D. Pa. 2012) (citation omitted).

Motions to strike should not be used to persuade a court to determine disputed questions of law.  *See Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 218 (D.N.J. 1993) (citations omitted).  They also "may not serve as an avenue to procure the dismissal of all or part of a complaint." *Davila v. N. Reg'l Joint Police Bd.*, 979 F. Supp. 2d 612, 624 (W.D. Pa. Oct. 21, 2013), *vacated in part on reconsideration*, 2014 U.S. Dist. LEXIS 102143 (July 28, 2014) (citing *Giles v. Phelan, Hallinan & Schmieg, L.L.P.*, 901 F. Supp. 2d 509, 530–31 (D.N.J. 2012)).

The burden rests with the moving party to show that the challenged matter should be stricken.  *In re Ry. Indus. Emp. No-Poach Antitrust Litig.*, 395 F. Supp. 3d 464, 496 (W.D. Pa. 2019).  Thus, the movant must demonstrate that the matter falls within one of the categories listed in Rule 12(f).  "Immaterial" matter is that which "has no essential or important relationship to [any] claim[s] for relief." *Wagner v. Holtzapple*, 101 F. Supp. 3d 462, 488 (M.D. Pa. 2015) (citing *Del. Health Care, Inc. v. MCD Holding Co.*, 893 F. Supp. 1279 (D. Del. 1995)). "Impertinent" matter consists of "statements that do not pertain, and are not

necessary, to the issues in question." *Id.* (citation omitted).  And "scandalous"

matter is that which "casts a derogatory light on someone, uses repulsive language,

or detracts from the dignity of the court." *Id.* (citing *Carone v. Whalen*, 121 F.R.D.

231, 232 (M.D. Pa. 1988)).

## DISCUSSION

### A. The Court Will Deny the Motion with Regard to Paragraph 76

Foremost asserts that the reference in paragraph 76 to fiduciary, contractual,

and statutory obligations are contrary to law, immaterial, and impertinent.  (Doc.

12, p. 5.)[1]  Foremost argues that the court should follow the decision in *Meyers v.*

*Protective Insurance Co.*, No. 3:16-cv-1821, 2017 WL 386644, at *13 (M.D. Pa.

Jan. 17, 2017), and strike references to fiduciary duty as being "superfluous" and

"confusing" in the UIM context.  (Doc. 12, p. 5.)  Bufflap argues in response that

the paragraph's allegations clearly relate to the insurer's duty to act in good faith

and to promptly settle and investigate claims, a duty which is well settled in

Pennsylvania law, and which the plaintiff admits in its brief.  (Doc. 20, pp. 5–6.)

Because Bufflap asserts that it is clear which duties paragraph 76 is referring to, he

contends that the paragraph is not confusing or prejudicial and, as a result, should

not be struck.

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

"In a breach of contract claim, the allegation that the [insurer] owed a contractual duty to the [insured] seems wholly unobjectionable, and indeed quite necessary." *Hoffer v. Grange Ins. Co.*, No. 5:22-cv-00047, 2014 WL 2177589, at *3 (M.D. Pa. May 23, 2014).  Bufflap's reference to contractual duties owed by Foremost within his breach of contract counterclaim are clearly material to the claims being made, and are "indeed quite necessary." *Id.*  As such, the court will not strike them.

Additionally, Pennsylvania law clearly recognizes a statutory duty on the part of an insurer to refrain from acting in bad faith towards the insured in 42 Pa. Cons. Stat. § 8371.  This statute applies to the handling of claims in the underinsured motorist context.  *Condio v. Erie Ins. Exchange* 899 A.2d 1136, 1142 (Pa. Super. Ct. 2006).  Though Bufflap does not plead a separate statutory bad faith claim in his counterclaims, the statement that Foremost owes a statutory duty to him is a correct statement of law, and therefore does not rise to the level of immateriality or impertinence required under Rule 12(f).

Furthermore, while it is legally correct to assert that, in the UIM context, an insurer does not owe a fiduciary duty to an insured,[2] "the characterization of [a] contractual relationship as having a fiduciary component does not rise to the level

---

[2] *See Miller v. State Farm Mut. Auto. Ins. Co.*, No. 1:20-CV-00367, 2020 WL 3265345, at *4 (M.D. Pa. June 17, 2020); *Meyers v. Protective Ins. Co.*, No. 3:16-CV-01821, 2017 WL 386644, at *5 (M.D. Pa. Jan. 17, 2017); *Condio*, 899 A.2d at 1142.

of an immaterial, irrelevant or scandalous averment justifying a motion to strike. Rather … this term is simply a way of describing the obligations owed by the parties to this contract." *Hoffer*, 2014 WL 2177589 at *3.  Moreover, when the insured does not bring a separate claim for breach of fiduciary duty, an allegation describing the insurer-insured relationship as a fiduciary one does not confuse the issues of the case or rise to the level of immateriality or impertinence.  *See Kreider v. LM Gen. Ins. Co.*, No. 5:22-cv-00047, 2022 WL 952886, at *2 (E.D. Pa. Mar. 30, 2022).  Because Bufflap merely alleged fiduciary duties on Foremost's behalf in an effort to describe the insurer-insured relationship, and because Bufflap did not bring a separate breach of fiduciary duty claim, the reference does not confuse the issues or rise to the level of immateriality or impertinence.  As such, the court will deny Foremost's motion to strike as it relates to paragraph 76.

**B. The Court Will Deny the Motion with Regard to Subparagraphs (d), (e), and (f) of Paragraph 81.**

Foremost alleges that the identified subparagraphs within paragraph 81 are immaterial to the issues at hand as they ring of bad faith, and no bad faith claim has been pleaded.  (Doc. 12, p. 4.)  Foremost further claims that these subparagraphs are "patently inflammatory" and ultimately serve to prejudice the factfinder and distract from the actual legal issues of the case, which relate to whether Bufflap is within the definition of "insured" according to the policy and whether the policy's definition of "insured" is legitimate.  (*Id.*)  Bufflap responds

7

that the subparagraphs in question merely illustrate the various ways that Foremost

breached the contract.  (Doc. 20, p. 7.)  Because the subparagraphs all relate to the

breach of contract claim, Bufflap asserts there is no reason to strike them.  (*Id.*)

The court will deny the request to strike these subparagraphs.  Paragraph 81

generally states that "Foremost has breached its contract of insurance with Mr.

Bufflap by the following acts or omissions," and the subparagraphs serve to

provide examples to illustratethis general assertion of breach of contract.  (Doc. 6,

¶ 81.)  The subparagraphs bear an important relationship to the claims of breach of

contract.  Therefore, they are not immaterial, and will not be struck.

### C. The Court Will Grant the Motion with Regard to the Relevant Sections of Paragraph 82

Foremost initially moved to strike larger portions of paragraph 82.  But then

the parties agreed to a certification on March 4, 2024, to strike from paragraph 82

the references to "attorney's fees, deposition costs, expert witness fees, and other

related costs."  (Doc. 17.)  Still in dispute are the alleged damages of "interest or

investment income . . . costs incurred in pursuing the claim . . . [and] court costs."

(Doc. 6, ¶ 82.)

Foremost argues that even if the policy at issue does cover Mr. Bufflap (and

Foremost vehemently asserts it does not), the clear language of the liability

limitation of the policy prevents the recovery of anything other than

"compensatory damages which Bufflap is legally entitled to recover from the

owner or operator of an underinsured motor vehicle because of bodily injury."
(Doc. 12, p. 7.)  Because the damages at issue in Paragraph 82 are not
contemplated by this liability limitation, Foremost asserts those damages are not
recoverable for breach of contract, and should be struck.  (*Id.*)  Bufflap claims that
the contested damages are recoverable because they naturally flow from the
breach, are reasonably foreseeable, and able to be proven to a reasonable certainty.
(Doc. 20, p. 8.)

Ordinarily, under Pennsylvania law, consequential and incidental damages
such as these are recoverable in breach of contract claims if they are the natural
result of the breach, were reasonably foreseeable, contemplated by the parties, and
provable with reasonable certainty.  *Smith v. State Farm*, No. 11-7589, 2012 WL
508445, at *5 (E.D. Pa. Feb. 16, 2012); *Ferrer v. Trustees of the Univ. of Pa.*, 825
A.2d 591, 610 (Pa. 2002) (citing *Taylor v. Kaufhold*, 84 A.2d 347, 351 (Pa. 1951).
"This is so unless the contract provided otherwise." *Smith* 2012 WL at *5.

The liability limitation of the policy states: "We (Foremost) will pay
compensatory damages which an 'insured' is legally entitled to recover from the
owner or operator of an 'uninsured motor vehicle' because of bodily injury."
(Doc. 1-3, p. 10.)  This limitation is very similar to the one the Eastern District of
Pennsylvania considered in *Smith v. State Farm*, No. 11-7589, 2012 WL 508445
(E.D. Pa. Feb. 16, 2012).  There, the court stated it could find "no case permitting

the recovery of consequential damages in Pennsylvania in the presence of a

liability limitation such as the one present," and that "the clear language of the

policy precludes payment for anything other than the amount [insured] would have

been entitled to recover from the [negligent driver]." *Id.* at *5. Similar to the

circumstances of *Smith*, the liability limitation at issue in this case limits Bufflap's

recovery merely to the compensatory damages he could have recovered in tort for

bodily injury from the tortfeasor. Those damages do not relate to "interest or

investment income . . . costs incurred in pursuing the claim . . . [and] court costs."

Therefore, Bufflap is unable to recover the damages at issue under his breach of

contract claim.

Further, Bufflap states that Federal Rule of Civil Procedure 54 generally

allows a prevailing party to recover damages other than attorney's fees, so he

should be entitled to the damages detailed in paragraph 82 if he prevails. (Doc. 20,

p. 8.) However, the counterclaims are being brought under Pennsylvania

substantive law, which clearly limits a plaintiff's recovery to the kind of

consequential damages when there is a liability limitation in the contract. The

contested damages in paragraph 82 are not recoverable in Bufflap's breach of

contract claim, meaning they are immaterial, impertinent, and will be stricken.

CONCLUSION

The court finds that Foremost has failed to show that paragraphs 76 and subparagraphs (d), (e), and (f) of paragraph 81 are immaterial, impertinent, or scandalous.  However, Foremost did show that the contested subparts of paragraph 82 are immaterial and impertinent.  Therefore, the court will grant the motion in part, and deny the motion in part.  An appropriate order will follow.

<u>s/Jennifer P. Wilson</u>
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: June 21, 2024